**RECORD NO. 19-4960**

In The

# United States Court of Appeals
## For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

**v.**

## BRUCE NICHOLAS PARRISH, a/k/a Nicky,

*Defendant – Appellant.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## AT NEW BERN

---

### BRIEF OF APPELLANT

---

**Mitchell G. Styers**
**BANZET, THOMPSON, STYERS & MAY, PLLC**
**Post Office Box 535**
**Warrenton, North Carolina 27589**
**(252) 257-3166**

*Counsel for Appellant*

**THE LEX GROUP** ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA 23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................. iii

JURISDICTIONAL STATEMENT .......................................................1

STATEMENT OF THE ISSUES..........................................................2

STATEMENT OF THE CASE ............................................................2

SUMMARY OF ARGUMENT ............................................................8

ARGUMENT ......................................................................................8

      ISSUE 1:   THE DISTRICT COURT FAILED TO ADDRESS
                 ALL THE GROUNDS PARRISH RAISED TO
                 SUPPORT HIS REQUESTED VARIANCE FROM
                 THE GUIDELINE RANGE AND FAILED TO
                 GIVE AN ADEQUATE JUSTIFICATION FOR
                 THE SENTENCE IMPOSED .....................................8

                 Standard of Review .................................................8

                 Discussion ................................................................9

      ISSUE 2:   THE DISTRICT COURT'S SENTENCE OF
                 169 MONTHS IS SUBSTANTIVELY
                 UNREASONABLE ....................................................12

                 Standard of Review ...............................................12

                 Discussion ..............................................................12

CONCLUSION ..................................................................................14

STATEMENT CONCERNING ORAL ARGUMENT .........................15

CERTIFICATES OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Chavez-Meza v. United States*,
    138 S. Ct. 1959 (2018)................................................................10

*Freeman v. United States*,
    564 U.S. 522 (2011)...................................................................13

*Gall v. United States*,
    552 U.S. 38 (2007)...............................................................8, 9, 12

*Pepper v. United States*,
    562 U.S. 476 (2011)..................................................................6, 13

*United States v. Blue*,
    877 F.3d 513 (4th Cir. 2017) ................................................9, 10, 11

*United States v. Carter*,
    564 F.3d 325 (4th Cir. 2009) ......................................................10

*United States v. Cox*,
    744 F.3d 305 (4th Cir. 2014) .......................................................8

*United States v. Layton*,
    564 F.3d 330 (4th Cir.2009) ......................................................12

*United States v. Montes-Pineda*,
    445 F.3d 375 (4th Cir. 2006) ......................................................13

*United States v. Morace*,
    594 F.3d 340 (4th Cir. 2010) ......................................................12

*United States v. Moreland*,
    437 F.3d 424 (4th Cir. 2006) ......................................................13

*United States v. O'Brien*,
   560 U.S. 218 (2010)................................................................14

*United States v. Provance*,
   944 F.3d 213 (4th Cir. 2019) ..........................................9

*United States v. Ross*,
   912 F.3d 740 (4th Cir. 2019) ..........................................9

## STATUTES

18 U.S.C. § 3231 ..................................................................1

18 U.S.C. § 3553 ................................................................12

18 U.S.C. § 3553(a) ....................................................*passim*

18 U.S.C. § 3553(a)(1) ......................................................14

18 U.S.C. § 3742(a) ............................................................1

21 U.S.C. § 841(a)(1)..........................................................2

21 U.S.C. § 841(c)(1)..........................................................2

21 U.S.C. § 843(a)(6)..........................................................2

21 U.S.C. § 846....................................................................2

28 U.S.C. § 1291 ................................................................1

## RULE

Fed. R. App. P. 4(b) ............................................................1

## GUIDELINES

U.S.S.G. § 2D1.1(a)(5) ......................................................4

U.S.S.G. § 3E.1.1(a)............................................................5

U.S.S.G. § 3E.1.1(b) ...................................................................................5

U.S.S.G. § 5G1.3...................................................................................6, 10

## JURISDICTIONAL STATEMENT

This is a direct appeal by the Appellant, Bruce Parrish, from his sentence in a federal criminal case, in the United States District Court for the Eastern District of North Carolina.  Jurisdiction to the district court was established by 18 U.S.C. § 3231.  On December 23, 2019, the Appellant gave notice of appeal of the sentence imposed on December 18, 2019. (JA 127).

Jurisdiction is conferred upon the United States Court of Appeals for the Fourth Circuit pursuant to 18 U.S.C. § 3742(a), 28 U.S.C. § 1291, and Rule 4(b), Federal Rules of Appellate Procedure.

## STATEMENT OF THE ISSUES

ISSUE1:    THE DISTRICT COURT FAILED TO ADDRESS ALL THE GROUNDS PARRISH RAISED TO SUPPORT HIS REQUESTED VARIANCE FROM THE GUIDELINE RANGE AND FAILED TO GIVE AN ADEQUATE JUSTIFICATION FOR THE SENTENCE IMPOSED.

ISSUE 2:    THE DISTRICT COURT'S SENTENCE OF 169 MONTHS IS SUBSTANTIVELY UNREASONABLE.

## STATEMENT OF THE CASE

On February 28, 2018, the grand jury returned a seven-count indictment naming Bruce Nicholas Parrish and Kristen Rene Little as defendants. (JA 13). In said indictment, Count 1 charged Mr. Parrish with conspiracy to manufacture, distribute, dispense, and possess with the intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846; Count 2 charged Mr. Parrish with distribution of and possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1); Count 3 did not apply to Mr. Parrish; Counts 4 and 6 charged Mr. Parrish with possession of pseudoephedrine with the intent to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(1); Counts 5 and 7 charged Mr. Parrish with possession of equipment, chemicals, products, and material with the intent to manufacture methamphetamine, in violation of 21 U.S.C. § 843(a)(6). (JA 13-18).

On or about March 4, 2013, the Mount Olive Police Department initiated a traffic stop on a vehicle in which Mr. Parrish was a passenger. (JA 39-40). Upon consent of the driver, officers searched the vehicle and recovered a white powdery substance, later tested and determined to be methamphetamine. (JA 40). On or about October 31, 2014, the Wilson Police Department responded to a call at Walgreens based on a suspicious purchase of pseudoephedrine. *Id.* Once they arrived, officers searched a vehicle driven by Mr. Parrish and recovered lithium batteries, lighter fluid, a pack of pseudoephedrine, and a baggie of a white powdery substance, later tested and determined to be methamphetamine. *Id.* On this occasion, Mr. Parrish admitted to using meth for about two years. (JA 41). On or about May 28, 2015, the Wayne County Sheriff's Department responded to complaints of drug activity at a home where Mr. Parrish was present. *Id.* The owner of the home consented to a search of the exterior of the premise, and officers found a burn pile, consisting of stripped batteries, cold packs, burned pseudoephedrine, and blister packs. *Id.* Officers then obtained a search warrant for the remainder of the home and recovered additional equipment, chemicals, and drug paraphernalia with residues of meth. (JA 41-42).

Based on the foregoing encounters, the State of North Carolina issued an arrest warrant for Mr. Parrish and his co-defendant. (JA 42). Mr. Parrish subsequently left the state and was arrested in Louisiana on June 13, 2015. *Id.* On

this date, officers responded to a disturbance at a local gas station and located Mr. Parrish and his co-defendant in a vehicle. *Id.* An initial view of the car revealed several syringes, and upon further investigation, officers recovered a cook bottle and a bag of a white powdery substance later tested and determined to be approximately 43 grams of meth. (JA 42-43). Mr. Parrish was arrested and served 7 months in Louisiana, before being transported back to Wayne County, North Carolina on related state charges. (JA 50).

Mr. Parrish appeared before the Honorable Robert B. Jones, Jr. for arraignment on October 17, 2018. (JA 19). Pursuant to a written plea agreement, Mr. Parrish pled guilty to Count 1 of the indictment, and, in exchange, the Government agreed to dismiss the remaining counts. (JA 35, 38-39).

A presentence report ("PSR") was prepared and recommended a base offense level of 30 upon the application of the U.S.S.G. § 2D1.1(a)(5). (JA 151, ¶ 76). The PSR included several increases for specific offense characteristics, namely for possession of a dangerous weapon, use of violence or threat of violence, maintaining a premise for the purpose of manufacturing a controlled substance, manufacturing methamphetamine in a manner that created a substantial risk of harm to human life, and involving a participant in the offense who was determined to be vulnerable or susceptible to criminal conduct. (JA 151, ¶¶ 77-81). These characteristics resulted in an 11-point increase in the offense level. The PSR also included a three-point

upward adjustment for role in the offense, stating that Mr. Parrish was a manager or supervisor of criminal activity that involved five or more participants. (JA 151, ¶ 83).  The offense level was reduced by three points for acceptance of responsibility pursuant to U.S.S.G. §§ 3E.1.1(a) and (b). (JA 152, ¶¶ 87-88).

The PSR determined that Mr. Parrish had a criminal history score of 3, which established a criminal history category of II. (JA 146, ¶ 47).  Mr. Parrish's criminal history included a short series of non-drug related offenses in 2006, before receiving two non-scored convictions in 2014 and 2015 for possession of controlled substances. (JA 144-46, ¶¶ 39-44).  Mr. Parrish received no convictions between the years of 2006 and 2014.  Based on a total offense level 41 and criminal history category II, the guideline imprisonment range was calculated to be 360 to 480 months. (JA 152, ¶ 91).

Mr. Parrish made several objections to the PSR.  Mr. Foster contended that his co-defendant's statements should not have been used against him in paragraphs 28, 29, and 31 in light of his subsequent admission to using methamphetamine. (JA 155).  Referencing the specific offense characteristics applied, Mr. Foster denied using or possessing a firearm, using any violence, or maintaining a premise for manufacturing or distributing a controlled substance. (JA 155-56).  Mr. Foster went on to deny that he involved a person under the age of 18 or acted as the manager or supervisor in the criminal offense. (JA 156-57).

On November 1, 2019, Mr. Parrish filed a Motion for Variance and Incorporated Memo. (JA 49-59). Noting that the Government had already agreed to a 3-point reduction for pleading guilty, Mr. Parrish went on to argue in favor of a downward departure pursuant to U.S.S.G. § 5G1.3 for the 7 months served in Louisiana. (JA 49). Citing *Peppers v. U.S.*, 131 S. Ct. 1229 (2011), Mr. Parrish further contended that an "exceedingly positive turn around in his behavior," demonstrates substantial rehabilitation supporting a substantial downward variance from the Guideline range. (JA 50-51). In support of the motion, Mr. Parrish attached several statements from individuals who have observed his recovery, including a letter written by Mr. Parrish himself. (JA 53-59).

Mr. Parrish appeared before the district court for sentencing on December 12, 2019. (JA 60). At the start of sentencing, the court briefly reviewed Mr. Parrish's criminal history before stating that it would address his motion in open court. (JA 61-63). Mr. Parrish first argued that there was insufficient evidence presented to apply the enhancement for possession of a dangerous weapon based on the evidence linking the recovered firearms to another individual. (JA 64). In response, the court explained that the Government would need to put on additional evidence to support the firearm enhancement. (JA 69). Mr. Parrish also argued against the enhancement for use of violence due to the incredibility of the statements underlying this

6

enhancement and against the managerial enhancement, explaining that his role was one of a cooker and user of meth rather than a leader of the operation. (JA 69-71).

The Government then called its first and only witness, Kristen Little, who testified as to Mr. Parrish's method of manufacturing methamphetamine, his alleged relationship with an underage female, and an incident where Mr. Parrish threated another individual living in his home. (JA 74-92). After cross-examination of Ms. Little, the Government decided not to proceed with the dangerous weapon and violence enhancements, and Mr. Parrish did present additional arguments regarding his objections to the remaining enhancements. (JA 101). Accordingly, the revised total offense level was reduced to 37, with a guideline range of 235 to 293 months. (JA 102). The Government went on to recommend a 15-percent reduction from the middle of the guideline imprisonment range based on Mr. Parrish's cooperation. (JA 162). In response, Defense counsel argued in favor of a 120-month sentence in light of Mr. Parrish's unique characteristics, particularly his strong family relationships, ongoing sobriety, continued employment, and positive contributions to society. (JA 102-105).

The district court ultimately sentenced Mr. Parrish to 169 months of active imprisonment, followed by five years of supervised released and 40 hours of community service. (JA 112, 115). In reaching this sentence, the court stated that it had weighed Mr. Parrish's extensive sobriety against his "history, the nature

circumstances of the instant offense, [. . .] a need to discourage methamphetamine

production and use, [. . .] a need to protect people from drug dealers, [. . . ] and to

promote respect for the law." (JA 111-112).  Mr. Parrish gave a timely notice of

appeal on December 23, 2019. (JA 127).

## SUMMARY OF ARGUMENTS

Mr. Parrish raised several arguments, both at sentencing and in a written

motion, in favor of a downward variance from the guideline range.  The district

court failed to address each of these non-frivolous arguments and failed to provide

sufficient justification for the sentence imposed.  Further, the court erred in imposing

a 169-month sentence, because it failed to consider and give adequate weight to the

relevant § 3553(a) factors in reaching this sentence.

## ARGUMENT

ISSUE 1:   THE DISTRICT COURT FAILED TO ADDRESS ALL THE
GROUNDS PARRISH RAISED TO SUPPORT HIS REQUESTED
VARIANCE FROM THE GUIDELINE RANGE AND FAILED TO
GIVE AN ADEQUATE JUSTIFICATION FOR THE SENTENCE
IMPOSED.

### *Standard of Review*

This Court "review[s] all sentences—whether inside, just outside, or

significantly outside the Guidelines range—under a deferential abuse-of-discretion

standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *United States v. Cox*, 744

F.3d 305, 308 (4th Cir. 2014).  This Court will review the sentence for both its

procedural and substantive reasonableness. To determine whether a sentence is

8

procedurally reasonable, "this Court considers whether the district court properly calculated the defendant's advisory guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence." *United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019); *see also United States v. Provance*, 944 F.3d 213, 219 (4th Cir. 2019) (explaining that the district court must, in announcing the chosen sentence, provide a "sufficient explanation to allow this Court to conduct meaningful appellate review").

### *Discussion*

Mr. Parrish's sentence is procedurally unreasonable, because the district court failed to consider each of the nonfrivolous arguments raised in favor of a sentence below the applicable guideline range and failed to provide an adequate explanation for the chosen sentence.

In accordance with the jurisprudence of our Circuit, the district court is compelled to make "an 'individualized assessment' of the facts and arguments presented." *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017) (citing *Gall*, 522 U.S. at 50). An individualized assessment has been determined to mean that the district court must "consider the defendant's nonfrivolous arguments for a downward departure, impose an individualized sentence based on the characteristics of the defendant and the facts of the case, and explain the sentence chosen." *Id.* "The

adequacy of the sentencing court's explanation depends on the complexity of each case" and the facts and arguments presented. *Id*.; see *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1964 (2018). While "it is sometimes possible to discern a sentencing court's rationale from the context surrounding its decision," the appellate court in its review " 'may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence.' " *Id.* at 745 (quoting *United States v. Carter*, 564 F.3d 325, 329–30 (4th Cir. 2009)).

Here, Mr. Parrish initially filed written objections to the PSR arguing that the specific characteristic enhancements for possession of a dangerous weapon, use of violence, maintaining a premise for manufacturing a controlled substance, and involving someone under the age of 18 in the offense were each without sufficient evidence to be applied. (JA 155-56). Also, prior to sentencing, Mr. Parrish filed a written motion for a downward departure and/or variance setting out several reasons supporting both a downward departure pursuant to U.S.S.G. § 5G1.3 and a downward variance based mainly on Mr. Parrish's post-offense rehabilitation. (JA 49-51).

At sentencing, Defendant's counsel reiterated his arguments against the specific characteristic enhancements for use of a weapon, use of violence, and operating in a managerial position. (JA 64-70). At this point, the court did not

10

address its position regarding these objections.  After a brief sealed proceeding in which the court considered evidence of the 7-month downward departure and the helpfulness of Mr. Parrish, defense counsel stated the court had "heard enough evidence to sustain the remaining objections." (JA 101, 160-65).  Finally, defense counsel explained that a sentence of 120 months would be appropriate in light of Mr. Parrish's rehabilitation over the past four years. (JA 103-06).  The court allowed the Government to respond before stating that it was ready to sentence Mr. Parrish. (JA 106-09, 111).

At no point in the foregoing colloquy did the court expressly accept or reject any of Mr. Parrish's or the Government's arguments for a particular sentence.  Mr. Parrish stated that a sentence of 120 months would be appropriate, the Government asked for a 220-month sentence, and the court ultimately sentenced Mr. Parrish to 169 months.  In coming to this sentence, the court likely accepted some and rejected other arguments presented by Mr. Parrish.  However, the record does not provide adequate explanation from which to discern the court's rationale.  Accordingly, Mr. Parrish is left to guess as to why the court rejected certain arguments in favor of a lower sentence.

In addition to considering all of a defendant's legal arguments and expressly accepting or rejecting each, the district court is also required to provide a sufficient explanation for the chosen sentence. *See Blue* at 518.  Here, the district court first

11

stated that it had "considered the advice of the guidelines specifically and generally," citing several general factors such as criminal history, nature of the offense, and public policy. (JA 111-12). After vaguely noting that it has balanced "everything," the court announced its sentence of 169 months. (JA 112). The court's response gave no indication that it considered the totality of Mr. Parrish's arguments or that it considered all of the relevant § 3553 factors.

ISSUE 2:     THE DISTRICT COURT'S SENTENCE OF 169 MONTHS IS SUBSTANTIVELY UNREASONABLE.

### Standard of Review

This Court reviews a sentence for reasonableness, applying a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Layton*, 564 F.3d 330, 335 (4th Cir. 2009). The Court must first determine whether the district court committed procedural error, and if not, whether its sentence was substantively unreasonable. *United States v. Morace*, 594 F.3d 340, 345 (4th Cir. 2010).

### Discussion

Mr. Parrish's sentence of 169 months is substantially unreasonable in that it did not adequately take account of his specific history and characteristics and is greater than necessary to achieve the aims of § 3553(a). "Federal sentencing law requires the district judge in every case to impose 'a sentence sufficient, but not greater than necessary, to comply with' the purposes of federal sentencing, in light

of the Guidelines and other § 3553(a) factors." *Freeman v. United States*, 564 U.S. 522, 529 (2011)  (quoting 18 U.S.C. § 3553(a)).  Under the current sentencing regime, "district courts may impose sentences within statutory limits based on appropriate consideration of all of the factors listed in § 3553(a), subject to appellate review for 'reasonableness.' " *Pepper v. United States*, 562 U.S. 479, 490 (2011). "A sentence may be substantively unreasonable if the court relies on an improper factor or rejects policies articulated by Congress or the Sentencing Commission." *United States v. Montes-Pineda*, 445 F.3d 375, 378 (4th Cir. 2006) (quoting *United States v. Moreland*, 437 F.3d 424, 434 (4th Cir. 2006).

Mr. Parrish contends that the district court's decision to impose a sentence of 169 months, even being below the advisory guideline range, is substantially unreasonable because the district court failed to consider and give adequate weight to the relevant § 3553(a) factors raised at sentencing.  Mr. Parrish set out several reasons in support of the requested 120-month sentence.  Specifically, Mr. Parrish argued the court should find the requested sentence to be appropriate considering that since being released from prison on a related state offense in January 2016, he had demonstrated significant reformation. (JA 49-51, 103-05).  Mr. Parrish has remained sober and submitted to weekly drug screens; he operated a successful business; he participated in the recovery efforts of others in the community by assisting the drug program; and he complied with all aspects of his pre-trial release.

13

Sentencing factors traditionally involve characteristics of the offender—such as recidivism, cooperation with law enforcement, or acceptance of responsibility. *United States v. O'Brien*, 560 U.S. 218, 227 (2010). Mr. Parrish presented extensive evidence that indicated he is not a "stereotypical" criminal drug defendant. Based on his lifestyle transformation and actions over the past four years, defense counsel stated, "You don't have to guess what he will do or won't do." (JA 105). Evidence of Mr. Parrish's rehabilitation should have had a substantial impact on the history and characteristics factor under § 3553(a)(1). However, the court improperly rejected this factor and its underlying policy, by noting "I'm not going to say [you are] unique," when referencing his sobriety. (JA 112). Here, the district court failed to make an individualized assessment of Mr. Parrish and, instead, sentenced him to an unreasonable sentence of 169 months.

## CONCLUSION

Mr. Parrish raised several grounds to support his requested variance from the guideline range. The district court was obligated to address these nonfrivolous arguments and provide adequate justification for the sentence imposed. The district court failed to accept or reject these arguments, and its justification for the sentence imposed cannot be ascertained from the context of the hearing. Further, the court's sentence of 169 months is substantively unreasonable in light of the aims of

§ 3553(a). Accordingly, the Appellant requests that his sentence be vacated and remanded for resentencing.

## STATEMENT REGARDING ORAL ARGUMENT

The Appellant requests an oral argument in this case.

Respectfully Submitted,

/s/ Mitchell G. Styers
MITCHELL G. STYERS
Attorney for Appellant
Banzet, Thompson, Styers & May, PLLC
Post Office Box 535
Warrenton, North Carolina 27589
(252) 257-3166

## <u>CERTIFICATE OF COMPLIANCE</u>

1.    This brief complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

[ X ] this brief contains [*3,117*] words.

[   ] this brief uses a monospaced type and contains [*state the number of*] lines of text.

2.    This brief complies with the typeface and type style requirements because:

[ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2016*] in [*14pt Times New Roman*]; *or*

[   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: <u>April 30, 2020</u>        <u>/s/ Mitchell G. Styers</u>
                                       *Counsel for Appellant*

## **CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on this 30th day of April, 2020, I caused this Brief of
Appellant and Joint Appendix to be filed electronically with the Clerk of the Court
using the CM/ECF System, which will send notice of such filing to the following
registered CM/ECF users:

> Jennifer P. May-Parker
> OFFICE OF THE U.S. ATTORNEY
> 150 Fayetteville Street, Suite 800
> Raleigh, North Carolina  27601
> (919) 856-4530
>
> *Counsel for Appellee*

I further certify that on this 30th day of April, 2020, I caused a copy of the
Sealed Volume of the Joint Appendix to be served, via UPS Ground
Transportation, upon counsel for the Appellee, at the above address.

/s/ Mitchell G. Styers
*Counsel for Appellant*